Case 7:21-cv-00061 Document 13 Filed on 04/15/21 in TXSD Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
April 15, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| THE WEITZ COMPANY, LLC, § § Plaintiff, § § VS. § § CIVIL ACTION NO. 7:21-cv-00061 STRONG STRUCTURAL STEEL, LTD.; § BRADEN & TREYTON MANAGEMENT, § LLC; and LAMAR STRONG, § § Defendants. § | |

## OPINION AND ORDER

The Court now considers Plaintiff's request for entry of default[1] filed on March 25, 2021 and Plaintiff's original complaint[2] filed on February 28, 2021. In reviewing both filings, the Court notes that Plaintiff fails to allege sufficient grounds to establish the citizenship of the parties. Thus, the Court cannot determine whether jurisdiction is proper in this case.

### I. LEGAL STANDARD

Under Section 1332, if the amount in controversy exceeds $75,000, the Court has original jurisdiction over actions between: "(1) citizens of different States; [and] (2) citizens of a State and citizens or subjects of a foreign state."[3] "[T]he party asserting diversity jurisdiction must distinctly and affirmatively allege the citizenship of the parties."[4] In establishing the citizenship of a business entity, the party asserting jurisdiction needs to specify not only the type of entity,

---

[1] Dkt. No. 11.
[2] Dkt. No. 1.
[3] 28 U.S.C. § 1332(a)(1)–(2) ("except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are . . . are domiciled in the same State . . .").
[4] *Smith*, 978 F.3d at 282 (internal quotations omitted).

but also the requisite basis for the entity's citizenship, which differ based on the type of entity.[5] Under Section 1332, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."[6] Meanwhile, "the citizenship of an LLC [limited liability company] is determined by the citizenship of each of its members."[7] Furthermore, the citizenship of a limited partnership is based on the citizenship of all partners, not solely the general partners.[8]

## II. ANALYSIS

In its complaint, Plaintiff alleges that this Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of the parties and the amount in controversy exceeds $75,000.[9] In support of this contention, Plaintiff partly alleges the basis of its own citizenship. Specifically, Plaintiff provides that it is wholly owned by an Iowa limited liability company, which is in turn a wholly owned subsidiary of Orascom Construction USA, Inc., a Delaware Corporation.[10] Thus, because the sole member of Plaintiff LLC is another LLC whose sole member is a corporation incorporated in Delaware, Plaintiff is a citizen of Delaware. Plaintiff does not allege the principle place of business of the member corporation, so it may also have other citizenship. Plaintiff also establishes the citizenship of Lamar Strong, a natural person allegedly domiciled in Hidalgo County, Texas.[11] However, Plaintiff fails to allege a sufficient basis for the citizenship of Defendants Strong Structural Steel, Ltd.—a limited partnership—and Braden & Treyton Management, LLC.

---

[5] *See Smith v. Toyota Motor Corp.*, 978 F.3d 280, 282 (5th Cir. 2020).
[6] 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80, 130 S. Ct. 1181, 1185, 175 L. Ed. 2d 1029 (2010) (holding a corporation's "principal place of business" will typically be found at a corporation's headquarters).
[7] *Greenwich Ins. Co. v. Capsco Indus., Inc.*, 934 F.3d 419, 422 (5th Cir. 2019).
[8] *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990).
[9] Dkt. No. 1 at 2, ¶¶ 7–8.
[10] *Id.* at 1, ¶ 2.
[11] *Id.* at 2, ¶ 6.

In an attempt to establish the citizenship of the entity Defendants, Plaintiff asserts that Strong Structural Steel, Ltd. "is a Texas limited partnership with its principal office in Hidalgo County, Texas," and that Defendant Braden & Treyton Management, LLC is its general partner.[12] Plaintiff further provides that Braden & Treyton Management, LLC "is a Texas limited liability company with its principal office in Hidalgo County, Texas."[13] However, while an entity's state of incorporation or organization and principal place of business establish the citizenship of a corporation, they do not establish the citizenship of a limited liability company or a limited partnership.[14] Furthermore, a limited partnership's citizenship is based on the citizenship of all its partners, not just the general partners.[15] Thus Plaintiff does not allege the proper basis to establish the citizenship of either Defendant Strong Structural Steel, Ltd. or Defendant Braden & Treyton Management, LLC.

### III. CONCLUSION AND HOLDING

Jurisdiction must be adequately established before default can be entered in this case. Thus, the Court holds Plaintiff's request for entry of default[16] **in abeyance** until Plaintiff provides the Court sufficient information to properly establish the citizenship of Plaintiff; Defendant Strong Structural Steel, Ltd.; and Defendant Braden & Treyton Management, LLC.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 15th day of April 2021.

_____
Micaela Alvarez
United States District Judge

---

[12] *Id.* at 1, ¶ 4.
[13] *Id.* at 2, ¶ 5.
[14] *See Smith*; *Hertz*; *Greenwich*, *supra* notes 5–7.
[15] *See Carden*, *supra* note 8.
[16] Dkt. No. 11.